# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EDGAR ORLANDO HUAMANI-DIAZ,
*Petitioner,*

v.

JOHN ASHCROFT, Attorney General of
the United States,
*Respondent.*

No. 03-1042

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A42-797-530)

Submitted: October 29, 2003

Decided: November 13, 2003

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Edgar Orlando Huamani-Diaz, a native and citizen of Peru, petitions this court for review of the decision of the Board of Immigration Appeals that he was not entitled to a hardship waiver of the conditional basis of his residency. In addition, he appeals the Board's denial of his motion to remand for adjustment of status.

Huamani-Diaz contends that the Board erred in concluding, as did the immigration judge, that he was not entitled to a hardship waiver under 8 U.S.C. § 1186a(c)(4) (2000), 8 C.F.R. § 1216.5 (2003). Under 8 U.S.C. § 1252(a)(2)(B)(ii) (2000), we lack jurisdiction to review this decision committed to the discretion of the Attorney General. Substantial evidence supports the Board's conclusion that, without the hardship waiver, Huamani-Diaz's conditional permanent resident status was properly terminated and he was subject to removal.

Huamani-Diaz also challenges the Board's denial of his motion for remand to consider his application for adjustment of status. We review a decision by the Board to deny a motion to remand or reopen for abuse of discretion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). Huamani-Diaz bore the burden of establishing a prima facie case for entitlement to the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). Because his record showed he had entered into a marriage determined by the Attorney General to be for the purpose of evading the immigration laws, he did not show his eligibility for adjustment of status. 8 U.S.C. § 1154(c) (2000). Therefore, we conclude that the Board did not abuse its discretion in denying the motion to remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*