**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-1950**

───────────────

EDGAR ORLANDO HUAMANI-DIAZ,

                                        Petitioner,

        versus

JOHN D. ASHCROFT, Attorney General of the
United States,

                                        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A42-797-530)

───────────────

Submitted: May 17, 2004          Decided: June 23, 2004

───────────────

Before WILKINSON, KING, and SHEDD, Circuit Judges.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rockville,
Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney
General, David M. McConnell, Deputy Director, Negin Nazemi Dehn,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edgar Orlando Huamani-Diaz petitions for review of an order of the Board of Immigration Appeals denying his motion for reconsideration. Our review of the briefs and record convinces us that, as the Attorney General asserts, Huamani-Diaz's claims are barred by res judicata, or claim preclusion.

In <u>Huamani-Diaz v. Ashcroft</u>, No. 03-1042, 2003 WL 22673948 (4th Cir. Nov. 13, 2003) (unpublished), we denied petitions for review from the Board's final order of removal and its denial of Huamani-Diaz's motion to reopen. In denying the petitions, we held we lacked jurisdiction, under 8 U.S.C. § 1252(a)(2)(B)(ii) (2000), to review the Attorney General's discretionary decision not to grant a hardship waiver. We also held the Board did not abuse its discretion in denying Huamani-Diaz's motion to remand to reconsider his eligibility for adjustment of status. Huamani-Diaz raises the same issues in this appeal.

Res judicata precludes a later claim when "'(1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and, (3) the claim[] in the second matter [is] based upon the same cause of action involved in the earlier proceeding.'" <u>Grausz v. Englander</u>, 321 F.3d 467, 472 (4th Cir. 2003) (quoting <u>In</u>

- 2 -

re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996));
cf. Ramsay v. INS, 14 F.3d 206, 210-11 (4th Cir. 1994) (applying
principles of issue preclusion in immigration context).  Those
conditions are present in this case.

Therefore, as we conclude that Huamani-Diaz is barred by
res judicata from relitigating the issues he has raised, we deny
the petition for review.  We dispense with oral argument because
the facts and legal contentions are adequately presented in the
materials before the court and argument would not aid the
decisional process.

PETITION DENIED